OPINION
This appeal arises out of a judgment rendered by the Mahoning County Court of Common Pleas overruling Appellant, Barry Ervin's objections to a magistrate's decision and adopting the magistrate's decision in full. Appellant argues that the trial court erred in failing to sustain his objections and in upholding the magistrate's decision on the issues of spousal support, valuation of property and his liability for certain financial obligations. For the following reasons, this Court affirms the trial court's judgment.
Appellant and Appellee were married on December 30, 1979. One child was born of the marriage. On March 6, 1995, Appellant filed a complaint for divorce which included a request that Appellee be restrained from incurring new and/or additional financial obligations on his credit or otherwise disposing of the parties' property. Appellant also filed a motion requesting an allocation of parental rights and responsibilities and an order seeking that Appellee pay a fair share of the marital obligations during the pendency of the action.
On April 27, 1995, the referee [now magistrate] held a hearing on Appellant's motion. Appellant was present and was represented by counsel. Appellee was present but without counsel. The referee found the existence of a parent/child relationship but did not issue an order allocating parental rights and responsibilities as the parties were still residing together. The referee also reviewed the parties' financial obligations and recommended that Appellant pay and keep current the electric, gas, telephone and taxes for the marital home, as well as those obligations on accounts listed only in his name. The referee further recommended that Appellee pay and keep current her personal expenses as well as that of the child's, the water and cable bills at the marital home and those obligations listed in Appellee's name only. The referee detailed each financial obligation of the parties including the creditor, the monthly payment and the remaining balance owing. In particular, the referee listed the balance of Appellee's Discover credit card as $2,500.00. A Sears account did not appear on the list.
Additionally, the magistrate recommended that "* * * NEITHER party shall incur additional indebtedness and/or credit obligations on the credit of the other and/or which may become detrimental to the other." (4/27/95 Mag. Dec., p. 5).
On May 3, 1995, Appellee filed an answer to Appellant's complaint for divorce and filed a counterclaim for divorce after the court granted her leave. Appellee also filed a restraining order enjoining Appellant from incurring further financial obligations or otherwise disposing of the parties' property. On May 11, 1995, Appellant filed a reply to Appellee's counterclaim. On May 19, 1995, the trial court adopted the referee's decision of April 27, 1995.
Trial on Appellant's complaint for divorce and Appellee's counterclaim for divorce was held on March 11, 1996 and March 14, 1996. Both parties were present with counsel and both parties testified.
On April 22, 1996, the magistrate issued his decision granting each party a divorce from the other and designating Appellee as residential parent of the child. The findings and recommendations relevant to this appeal include a finding that Appellant was employed as a police officer earning $28,851.00 per year and working part time as a security officer earning $3,120.00 per year. The magistrate found that Appellee was employed as a school teacher earning $26,100.00 per year. The magistrate found that spousal support was appropriate for Appellee "* * * because this has been a long term marriage of over sixteen years and because of the unequal earning abilities of the parties * * *" (4/22/96 Mag. Dec., p. 6). The magistrate indicated that he had considered the statutory factors of R.C. 3105.171 and R.C. 3105.18 and other relevant matters and ordered Appellant to pay Appellee spousal support of $100.00 per month for thirty six months.
The magistrate valued a 1990 Oldsmobile Cutlass in Appellee's name at $1,300.00 and distributed the vehicle to Appellee. The magistrate further placed present day values on Appellee's pensions and distributed them to her. The magistrate determined that Appellant's pensions and deferred compensation plan were not subject to present division and placed no present value on them, but subjected one of the pensions to a Qualified Domestic Relations Order and retained jurisdiction to later divide the other pension and retirement plan which were not subject to Qualified Domestic Relations Orders.
The magistrate recommended that Appellant pay Appellee's financial obligations on the Discover credit card in Appellee's name. This card now had a balance of $2,477.39. Appellant was also to pay the Sears credit card in Appellee's name. This card had a balance of $2,546.38 and was not mentioned or presented at the temporary hearing.
On May 2, 1996, Appellant filed written objections to the magistrate's decision. Appellant alleged that the magistrate erred in several respects. These were: in recommending that he pay spousal support; in treating his pensions and deferred compensation plan differently from those of Appellee and in retaining jurisdiction to divide them; in ordering him to pay Appellee's Discover and Sears credit card bills when these obligations were allegedly incurred in direct violation of the magistrate's April 27, 1995 restraining order; in giving credit to Appellee for obligations she incurred subsequent to the restraining order and in setting the value of the Cutlass in Appellee's name at $1,300.00 when Appellant established the N.A.D.A. value at $5,000.00 at trial. Appellant claimed error in other divisions of property and financial obligations as well. These claims are not relevant to this appeal.
On May 3, 1996, counsel for Appellee filed a motion to withdraw as counsel. On June 24, 1996, a hearing was held on Appellant's objections. On August 26, 1996, the trial court issued its judgment entry denying Appellant's objections and adopting the magistrate's decision of April 22, 1996. The court's judgment entry stated that from the arguments of the parties, the pleadings and a complete review and analysis of the magistrate's decision, the objections were denied. The court specifically addressed the spousal support issue and stated that an analysis of the evidence and the factors set forth in R.C.3105.18 was conducted and that the court took into account the disparity of the parties' incomes and the expenses and earning abilities of both parties. The court stated that it was attempting to maintain Appellee's standard of living at its present status. The court found that the duration of the award would allow Appellee to financially adjust to her new status as a single parent.
On September 20, 1996, Appellant filed his appeal to this Court from the August 26, 1996 judgment entry. Appellant raises the following assignments of error:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO SUSTAIN APPELLANT'S OBJECTION TO THE DECISION OF THE MAGISTRATE WHERE THE AWARD OF SPOUSAL SUPPORT WAS UNSUPPORTED BY THE EVIDENCE.
 "WHERE THE MAGISTRATE DOES NOT EQUALLY TREAT THE PARTIES' RETIREMENT ACCOUNTS, THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO SUSTAIN APPELLANT'S OBJECTION TO PROPERLY ASSESS THE RETIREMENT ACCOUNTS.
 "WHERE THE MAGISTRATE IMPROPERLY ASSESSES THE MONETARY VALUE OF THE PARTIES MOTOR VEHICLE, THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO SUSTAIN APPELLANT'S OBJECTION TO PROPERLY ASSESS THE VEHICLE.
 "WHERE THE REFEREE MAKES APPELLANT RESPONSIBLE FOR FINANCIAL OBLIGATIONS INCURRED BY THE APPELLEE IN VIOLATION OF THE TRIAL COURT'S RESTRAINING ORDERS AND PENDENTE LITE ORDERS, THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO SUSTAIN APPELLANT'S OBJECTIONS TO PROPERLY ASSESS THE FINANCIAL OBLIGATIONS."
It should be noted that at oral argument, Appellant withdrew Assignment of Error Number Two relating to the determination as to the parties' retirement accounts. Thus, we will not address this assignment of error.
All of Appellant's other assignments of error involve an abuse of discretion standard of appellate review. This standard applies to a trial court's award of spousal support. Nemeth v.Nemeth (1997), 117 Ohio App.3d 554, 557, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. It also applies to a court's division of property, Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401 and the valuation of property in a divorce proceeding. James v. James (1995), 101 Ohio App.3d 668,681. An abuse of discretion connotes more than an error in judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore, supra. Findings of fact will not be disturbed on appeal if they are supported by some competent, credible evidence. Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
In order to properly assess whether the trial court abused its discretion as regards the matters asserted by Appellant, a review of the transcript of the lower court's objection hearing is necessary in order for this Court to examine the testimony and exhibits presented at that hearing. Appellant has failed to file a transcript of the trial court's June 24, 1996 hearing on his objections to the magistrate's decision.
In State v. Ishmail, the Ohio Supreme Court stated that:
 [s]ince a reviewing court can only reverse the judgment of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired in the trial court reflected by the record made of the
(1978), 54 Ohio St.2d 402, 405-406. Pursuant to App. R. 9 (B), it is the appellant's duty to order and provide a transcript to this Court. While Appellant filed a praecipe requesting that the court reporter transcribe the hearing of June 24, 1996 and file it with this Court, this transcript has not been filed.
This Court has only received the transcript of the divorce trial held before the magistrate on March 11, 1996 and March 14, 1996. Appellant's filing of a praecipe requesting the court reporter to file the transcript upon its completion is insufficient to escape Appellant's duty under App. R. 10. App. R. 10 places the duty upon Appellant to ensure that the transcript is properly and timely transmitted by the court reporter to the clerk of courts for filing. Jenkins v. Jenkins (Nov. 18, 1996), Delaware App. No. 96CAF04022, unreported at fn1.
Therefore, absent an adequate record, we are unable to evaluate the merits of Appellant's arguments and a presumption of validity attends the trial court's actions. Floyd v. Floyd(Aug. 18, 1998), Mahoning App. No. 95 C.A. 54, unreported,citing Kowalik v. Kowalik (Feb. 25, 1997), Mahoning App. No. 95 C.A. 67, unreported; Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
Nevertheless, despite this deficiency, we will address the assignments based upon a review of the limited record before us which includes a transcript of the divorce trial, the magistrate's April 22, 1996 decision and the trial court's August 26, 1996 judgment entry overruling Appellant's objections and adopting the magistrate's decision.
We review the first assignment of error as regards spousal support under the abuse of discretion standard. Nemeth, supra. R.C. 3105.18 (C) sets forth the guidelines for a trial court to use to determine the nature, amount and duration of spousal support payments and whether spousal support is necessary. Id.
In awarding a sustenance alimony award, the trial court must consider all factors enumerated in R.C. 3105.18 (C). Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, 96.
In Locke v. Locke (Nov. 30, 1998), Columbiana App. No. 97-CO-21, unreported, this Court found sufficient a trial court's judgment entry indicating that it had considered all of the factors of R.C. 3105.18 (C) and detailing four of the factors for awarding spousal support. These factors included the duration of the marriage, the incomes of the parties, the earning abilities of the parties and other relevant factors. We found that although a trial court need not specifically review every factor of R.C. 3105.18 (C) in detail in its judgment entry, a trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that such award is fair, equitable, and in accordance with law. Id., citingHall v. Hall (Aug. 16, 1995), Monroe App. No. 713, unreported, relying on Kaechele, supra, paragraph two of the syllabus.
In the present case, the magistrate and the trial court specifically stated that they had considered all of the factors of R.C. 3105.18 in deciding to award Appellee spousal support. Testimony was presented at trial as to the earning abilities of the parties and the fact that Appellee had a college degree and teaching certificate. Appellant contends that the magistrate and trial court erred in not fully assessing the earning abilities of the parties as they considered Appellant's full-time and part-time work but did not consider Appellee's college degree and ability to also secure part-time employment during the summer school recess. Appellant also argues that the court failed to consider the retirement benefits of the parties and the property settlement when awarding spousal support.
Appellant's assignment of error is without merit. R.C.3105.18 includes as factors to be considered the earning abilities of the parties and educational levels. We cannot say that these were not considered by the magistrate or the court since both indicated in their decisions that all of the factors included in R.C. 3105.18 were considered. Further, the magistrate specifically detailed the parties' incomes and found that because of the long duration of the marriage of over sixteen years and specifically because of the parties' unequal earning abilities, rehabilitative spousal support was necessary for Appellee for thirty six months at $100.00 per month. The trial court expounded on this decision and stated that it also considered the disparity in income and expenses of the parties and that the spousal support was proper because it was necessary to help Appellee adjust to her status as a single parent and to maintain the standard of living enjoyed during the marriage. Further, while it may be true that Appellee may be able to engage in employment in the summer months, it is also true that she is the residential parent of the minor child who is also on school recess during the summer months.
Based upon a review of the limited record before us, we find sufficient detail was presented to enable this Court to determine the issue. We find that the court did not act arbitrarily, unreasonably or unconscionably in awarding Appellee spousal support of $100.00 per month for thirty-six months.
Since Appellant withdrew his second assignment of error from consideration, we will review his third assignment of error in which he contends that the magistrate erred in improperly assessing the value of Appellee's 1990 Cutlass automobile. Valuations of property are also reviewed under an abuse of discretion standard. James, 101 Ohio App.3d at 681.
Appellee testified at trial that she believed the value of the automobile to be $1,300.00. She stated that she would buy or sell the car for that amount because the vehicle needed repair and did not start the previous weekend. (Tr. p. 39)
Appellee stated her personal opinion as to the value and admitted that she did not base this value on estimates sought at car lots or in newspapers. (Tr. p. 39). Appellant testified that he valued the car at $5,000.00 based upon figures from the N.A.D.A. (National Automobile Dealers Association) book. (Tr. p. 77). The record before us demonstrates no further testimony regarding the value of the automobile. Interestingly, Appellant did not submit as evidence the N.A.D.A. guide. This reduced the testimony of both parties to mere personal opinion. Further, a N.A.D.A. listed value may not be the actual value of this particular automobile. Appellee testified the car was inoperable. With no further establishment of any evidence, we cannot find that the court abused its discretion in determining the value of the automobile based upon the credibility of the witnesses before him and we will not substitute our judgment on this determination. See Soley v. Soley (1995), 101 Ohio App.3d 540.
Appellant's final assignment of error concerns the court's adoption of the magistrates April 22, 1996 decision which recommended that he be liable for the balances on two credit cards, the debt for which he alleges was incurred in violation of restraining and pendente lite orders. Appellant correctly states that when the trial court adopted the referee's decision of April 27, 1995 as a temporary order, the trial court ordered that the parties were restrained from incurring additional financial obligations on the other's credit or to the detriment of the other party.
Appellant contends that Appellee violated this order because at the temporary hearing, Appellee represented the balance of her Discover credit card as $2,500.00. She testified at the divorce trial months later that the balance was $2,477.39 even though the referee ordered her to pay $65.00 per month on this card during the pendency of the divorce. Appellant further contends that Appellee violated the restraining order because she testified that she had a balance of $2,546.38 on a Sears credit card at the divorce trial. This card was not presented at the temporary hearing.
While Appellee did testify to these balances at the divorce trial, she stated that at the temporary hearing she did not yet have counsel and was recalling from memory her outstanding debts. She testified that at the earlier hearing she was not accurate in her attempts to recall all of the balances and that she forgot altogether some of her debts. (Tr. pp. 180-181) Appellee testified that the Sears debt was, in fact, incurred during the parties' marriage. (Tr. p. 183). It was also brought to the attention of the court that all of the financial obligations and balances were properly and accurately presented in Appellee's sworn pretrial statement. (Tr. pp. 180-186) Appellant disputed this later testimony. He testified that at the temporary hearing, when the referee would ask Appellee a question regarding her expenses and she was not sure, she would pull most of the statements out a briefcase. (Tr. p. 263) Appellant opined that Appellee did not guess as to most of the figures she was testifying about at the temporary hearing. (Tr. p. 263). Appellant's counsel also referred to alleged violations of the order to refrain from incurring additional debt. Appellee admitted that she had incurred additional credit card charges from the date of the temporary hearing. (Tr. pp. 19-30). Appellant admitted that he, too, had incurred additional charges from the date of the temporary hearing on his charge card. (Tr. p. 108).
After Appellee's testimony as to all of the then-current outstanding balances at trial and upon introduction of exhibits demonstrating these balances, counsel for Appellant objected. Appellant's counsel sought to have the "corrected" balances and debts thrown out and to have the court reinstate the debts and amounts of incurred obligations from the temporary hearing reinstated because no objection to the magistrate's decision setting forth these balances was lodged. (Tr. p. 248). The magistrate overruled the objection but stated that both the testimony from the temporary hearing and the trial on this issue would be considered to the extent that it was relevant. (Tr. p. 248)
The magistrate divided the parties' assets and also distributed the parties' liabilities-after the divorce trial. The magistrate provided a detailed list of distributions and their values which included a recommendation that Appellant incur the financial obligations of Appellee's Sears and Discover credit card balances. The trial court adopted the magistrate's decision.
Trial courts possess broad discretion in dividing property and allocating debt in a divorce proceeding. Floyd, supra,
citing generally Worthington v. Worthington (1986), 21 Ohio St.3d 73. Such a decision will not be reversed on appeal absent an abuse of discretion. Id. citing Cherry v. Cherry (1981),66 Ohio St.2d 348, 355. An equal property and debt division is a starting point when allocating marital property, but a final decision need not be equal to be equitable. See Kaechele v.Kaechele (1988), 35 Ohio St.3d 93.
From the limited record before us in the instant case, we cannot find an abuse of discretion in allocating the Discover card and Sears card debt to Appellant. First, Appellee testified that she had misstated some of her debt and expenses at the temporary hearing and had forgotten some of her expenses altogether. Despite Appellant's allegations based upon his observation of Appellee testifying at the temporary hearing, the ultimate decision as to the credibility of the witnesses is best left to the trial court who is in the best position to observe the witness' demeanor. Further, and more specifically directed to Appellant's assignment relating to an alleged violation of the temporary hearing orders, both Appellant and Appellee testified that they had incurred additional financial obligations which could potentially be detrimental to the other and which were incurred without knowledge or consent of the other. The court indicated that it would take into consideration the obligation amounts testified to at the temporary hearing to the extent they were relevant.
Evidently, the court decided not to hold the additional obligations incurred against either party by finding misconduct or violation of its order. The court chose to believe that Appellee had forgotten the Sears card debt and that it was incurred during the marriage. Credibility was within the court's discretion and we will not substitute our judgment. See Soley, 101 Ohio App.3d 540. Additionally, the court had discretion to revisit the issue of the balances on financial obligations because the court retained jurisdiction of the case and determined that the date of termination of the marriage was March 11, 1996; the date of the final hearing.
Further, we can find no abuse off discretion in the property division and allocation of debt itself. A property distribution must be viewed in its entirety and is derived solely from the evidence offered by the parties. Hruby v. Hruby (June 11, 1997), Columbiana App. No. 93-C-9, unreported, quoting Fergus v.Fergus (1997), Mahoning App. No. 94-CA-94, unreported. Reviewing the entire property distribution and allocation of debt which included the allocation of the Discover and Sears credit card debt to Appellant and the consideration the required statutory factors, we cannot say that it was inequitable, or even unequal. The court's final distribution ordered that Appellant would receive $21,631.23 in assets while Appellee would receive $4,648.00. Appellant was ordered to pay Appellee a lump sum amount of $8,491.61 due to the disparity in the distribution. This left both parties at approximately the same amount in property distribution.
For the foregoing reasons, we find that the assignments of error advanced by Appellant are without merit. Accordingly, the trial court judgment is affirmed.
Cox, P.J., concurs.
Vukovich, J., concurs.
APPROVED:
CHERYL WAITE, JUDGE