PRATHER, APPELLEE, *v.* PRATHER, APPELLANT.

(No. 411—Decided April 6, 1983.)

*Mr. Jay D. Cutrell,* for appellee.
*Mr. Edward L. Harp,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Brown County.

This cause came on to be heard in the trial court as a contested divorce. Following the hearing, the trial court found that the appellant, Ethelene Prather, and the appellee, William H. Prather, had, "without interruption for one year, lived separate and apart without cohabitation" and granted a divorce on that basis.

Appellant's singular assignment of error is as follows:

"The trial court erred in granting a divorce in favor of the plaintiff as against the defendant under Ohio Revised Code 3105.01."

The ground set forth for divorce is stated in R.C. 3105.01(K), which provides:

"On the application of either party, when husband and wife have, without interruption for one year, lived separate and apart without cohabitation."

At trial, it was undisputed that the parties had spent together one night of that year, during which they were living separate and apart, and that they had engaged in sexual intercourse at that time. Appellant argues to this court that this single element constitutes cohabitation and that the divorce should, therefore, not have been granted. We disagree.

As Judge McCormac stated in *Sindel* v. *Sindel* (Nov. 25, 1975), Franklin App. Nos. 75AP-299 and 75AP-301 [7 O.O.3d 223]:

"The ordinary meaning of cohabitation is, of course, the act of living together. What constitutes living together is a question of fact in each particular case. The lack of cohabitation or living together must be uninterrupted, which means that during the two-year period the parties must not have lived together. Ordinarily, isolated acts of sexual intercourse during the two-year period, unaccompanied by other aspects of living together, would not constitute cohabitation. Conversely, cohabitation can be based entirely on acts of living together without sexual relations. It would seem that cohabitation requires some regularity, at least during a particular time within the two-year period, of functioning as husband and wife sexually, or otherwise."

Factually, the trial court did not find that the parties had cohabitated and there was sufficient probative evidence to support that decision. The assignment of error is, therefore, overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.