BUSSEY, APPELLANT, *v.*
BUSSEY, APPELLEE.

(No. CA87-12-109—Decided September 30, 1988.)

*Lawson & Sharts* and *Eddie Lawson, Jr.*, for appellant.
*Ruppert, Bronson & Chicarelli Co., L.P.A.*, and *Timothy N. Tepe*, for appellee.

HENDRICKSON, J. The marriage of the parties Jerry Bussey, plaintiff-appellant, and Judith A. Bussey, defendant-appellee, was terminated by a final judgment entry and decree of divorce entered of record April 3, 1987. The trial court approved a separation agreement previously executed by the parties and incorporated the same into the decree of divorce. Among the provisions contained therein was the following:

"Husband shall pay, as and for alimony to the wife, the following:

"(1) The sum of $65.00 per week for 52 consecutive weeks beginning February 11, 1986.

"(2) The sum of $75.00 per week every week thereafter, for a total period of 15 years, [or until] the death, remarriage, or cohabitation of wife with another male, whichever occurs first.

"(3) All alimony is expressly made subject to the continuing jurisdiction of the Court, and may be modified in the discretion of the Court upon presentation of proper proof."

On June 24, 1987, appellant filed a motion to terminate alimony on the basis that appellee had been and was continuing to violate the above-noted provision by cohabitating with a male, one Charles W. Parker.

At the time of the hearing on appellant's motion, appellee and the two children of the marriage with appellant resided in the former marital residence. The trial court found that "for some period of time subsequent to the divorce, and especially during the months of June, July, and August [1987], * * * Parker was in fact 'living with [appellee] at [the] former marital residence.'" Nevertheless, the trial court determined that "appellant's evidence fails to persuade this court that the economic impact of true 'cohabitation' has been established herein." As a result, although the trial

court denied the motion to terminate alimony on the basis of cohabitation, since there was evidence of a change of circumstances in that appellee's earnings had increased considerably following the divorce, the amount of alimony payable per week was ordered reduced. This appeal followed and appellant asserts two assignments of error. First he argues that the trial court erred in failing to find that appellee had cohabited with a male person. Second, he argues that the trial court abused its discretion in declining to terminate the alimony award on the basis of cohabitation with a male person.

In response to the first assignment of error, we note that the evidence adduced at trial established that Parker's vehicle was seen in front of appellee's residence, in the driveway or in the garage on numerous occasions and at various hours of the day and night. The evidence also established that appellee and Parker went on weekend trips together, and they admitted having engaged in sexual intercourse with each other. Furthermore, it was established that on at least one instance Parker received mail at appellee's residence. Thus, there was a sufficient basis for the determination by the trial court that Parker was in fact living with appellee. The question then becomes whether or not their living together constituted cohabitation. Black's Law Dictionary (5 Ed.) 236 defines "cohabitation" as "[t]o live together as husband and wife. The mutual assumption of those marital rights, duties and obligations which are usually manifested by married people, including but not necessarily dependent on sexual relations." (Citation omitted.) *Bromberg* v. *Bromberg* (Apr. 7, 1983), Cuyahoga App. No. 45263, unreported; *Miller* v. *Miller* (Sept. 5, 1983), Cuyahoga App. No. 49279, unreported.

It has been held that a single night together during which the parties engage in sexual intercourse is *not sufficient* to constitute cohabitation. *Prather* v. *Prather* (1983), 9 Ohio App. 3d 199, 9 OBR 311, 459 N.E. 2d 234. Furthermore, we have held that the presence of a man at the home of a female friend from 5:30 or 6:00 p.m. until 9:00 or 9:30 p.m. almost every weekday evening, an occasional overnight visit during which these friends sleep in separate beds, weekend visits together by these friends to the homes of their children with costs paid by the man, and the sharing of the cost of meals together is *not sufficient* evidence of cohabitation. *Irwin* v. *Irwin* (May 31, 1984), Madison App. No. CA83-06-019, unreported.

On the other hand, it has been held that where a man lives in the home of a female friend at various times during a period of more than two years, uses her address as his own, travels with her, and registers at hotels with her as his wife, is intimate with her on a number of occasions, does not contribute to the living costs while in her home, and where she pays their travel expenses, buys him clothing and loans him money, the evidence is sufficient to justify a termination of sustenance alimony. *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, 75 O.O. 2d 474, 350 N.E. 2d 413. Nevertheless, a sexual relationship between unmarried persons who live together is not conclusive on the issue of cohabitation. *Taylor* v. *Taylor* (1983), 11 Ohio App. 3d 279, 11 OBR 459, 465 N.E. 2d 476.

Finally, we note that it has been held that where the evidence, while conflicting, does not establish sexual relations between a woman and her male friend, but does indicate that the man lived in the woman's home, went to school from there, returned there, went to work from there and returned again at night, bought groceries and helped with household chores, then

cohabitation is established. *Brooks* v. *Brooks* (Sept. 4, 1986), Cuyahoga App. No. 50845, unreported.

As Justice William Brown said in *Wolfe, supra:*

" '* * * If it is shown that the wife is being supported in whole or in part by the paramour, the former husband may come into court for a determination of whether the alimony should be terminated or reduced. Similarly, if the paramour resides in the wife's home without contributing anything toward the purchase of food or the payment of normal household bills, then there may be a reasonable inference that the wife's alimony is being used, at least in part, for the benefit of the paramour, in which case it could be argued with force that the amount thereof should be modified accordingly. In short, the inquiry is whether the former wife's illicit relationship with another man, * * * has produced a change of circumstances sufficient to entitle the former husband to relief.' " *Id.* at 420-421, 75 O.O. 2d at 486, 350 N.E. 2d at 427.

As a general rule, the question of cohabitation is to be determined by the trier of facts. *Fuller* v. *Fuller* (1983), 10 Ohio App. 3d 253, 10 OBR 366, 461 N.E. 2d 1348. If the judgment of the trial court is supported by some competent, credible evidence going to all the essential elements of the case, it will not be reversed by an appellate court as being against the manifest weight of the evidence. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 10 OBR 408, 461 N.E. 2d 1273.

In the case before us, the trial court stated in its decision that "for some period of time subsequent to the divorce, and especially during the months of June, July, and August, * * * Parker was in fact 'living with' [appellee] at the former marital residence. [Appellant] found himself in the anomalous situation of therefore financially supporting both his ex-wife and her new paramour." Nevertheless, the trial court denied appellant's motion to terminate alimony payments as the judge found that the evidence did not establish a *de facto* marriage. Thus, it appears that the trial court made sufficient findings of fact to establish cohabitation, but due to the interpretation it gave both *Wolfe, supra (i.e.,* that unchastity alone is not sufficient to terminate alimony) and *Irwin, supra* (in which we held that the evidence fell short of that in *Wolfe, supra,* and did not establish cohabitation or a *de facto* marriage), the trial court nevertheless concluded that there was no cohabitation.

We conclude, however, that the findings of fact made by the trial court in its decision are sufficient to establish cohabitation. Thus, we are not faced with a situation where in order to reverse we must determine that the decision of the trial court was against the manifest weight of the evidence. Instead, we find that the trial court erred in the application of the law to the facts. Therefore, appellant's first assignment of error is sustained.

Inasmuch as we found in response to appellant's first assignment of error that there was cohabitation between appellee and Parker, we find that appellant's second assignment of error is also well-taken and is therefore sustained.

*Judgment reversed and cause remanded.*

JONES, P.J., concurs.

KOEHLER, J., dissents.

KOEHLER, J., dissenting. I defer to the trial court's application of the facts to the law and therefore must dissent.