NEMETH, Appellant and Cross–Appellee,

v.

NEMETH, Appellee and Cross–Appellant.

[Cite as *Nemeth v. Nemeth* (1997), 117 Ohio App.3d 554.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 96–JE–14.

Decided Jan. 13, 1997.

*Sharon N. Bogarad,* for appellant and cross-appellee.

*John J. Mascio,* for appellee and cross-appellant.

Cox, Judge.

This matter presents a timely appeal from a decision rendered by the Jefferson County Common Pleas Court, Domestic Relations Division, ordering that plaintiff-appellant/cross-appellee, John R. Nemeth, pay to defendant-appellee/cross-appellant, Bonnie M. Nemeth, $675 per month as spousal support for eighteen months and specifically finding that appellee had been living in a state of cohabitation with another man during the parties' marriage.

Appellant and appellee were married on June 28, 1969 and had one child, who is now emancipated. After twenty-six years of marriage, the parties began experiencing marital difficulties which culminated in appellant filing a complaint for divorce on November 15, 1995. Appellee filed a motion for temporary relief on November 27, 1995. Appellant likewise filed a motion for temporary relief on December 4, 1995.

The trial court held a hearing on these motions on December 11, 1995. Upon due consideration, the trial court ordered that both parties continue to reside in the marital residence during the divorce action, that appellant pay all household expenses, and that appellant pay to appellee $300 per month as temporary spousal support. The order was never journalized by the trial court.

Appellee filed an answer and counterclaim for divorce on December 13, 1995. The matter proceeded to trial before the court on February 22, 1996. Immediately prior to trial, the parties entered into a separation agreement, which was read into the record, approved by the trial court, and incorporated into the final judgment in this matter. The three issues which remained to be determined by the trial court were the grounds for divorce, spousal support, and possession of the family dog.

The testimony and evidence presented at trial revealed that appellant was gainfully employed by the Weirton Steel Corporation for most of the parties' marriage, earning approximately $50,000 gross annually, while appellee was a homemaker and mother. Appellant acknowledged that although appellee had some vocational training and employment following high school, she had been employed more recently only by her brother, assisting him in his card store, for approximately four months. At the time of trial however, appellee was unemployed, and her sole source of income was the $300 per month that she received from appellant as temporary spousal support.

In late October 1994, appellee began engaging in a relationship with one Donald Barton, the exact nature of which was disputed by the parties. Appellee explained that following the hearing before the trial court on both parties' temporary motions, appellant became verbally and physically abusive toward her and she began to spend extended amounts of time at Barton's apartment, as it

was a safe haven for her. In April 1995 (prior to the hearing on the parties' temporary motions), appellee began spending six days a week at Barton's apartment. Appellant's abusive conduct toward appellee was corroborated to some degree by the parties' adult daughter.

Several seemingly provocative and romantic letters between Barton and appellee were submitted to the trial court, and appellee admitted that they attended social events together. Appellee also began to receive her mail at Barton's apartment, allegedly because appellant was opening her mail when it was delivered to the marital residence. There was no testimony that appellee and Barton shared living expenses.

Following trial, both parties submitted memoranda in support of their positions concerning spousal support. On March 18, 1996, the trial court filed its judgment granting appellant a divorce on the grounds of appellee's gross neglect of duty and ordering that appellant pay to appellee $675 per month as spousal support for eighteen months. In determining both the amount and duration of spousal support, the trial court applied the factors enumerated in R.C. 3105.18 and specifically found that appellee had been cohabiting with another man during the parties' marriage.

Appellant filed his notice of appeal herein on March 29, 1996, which was followed by appellee's notice of cross-appeal, filed on April 11, 1996. Both appellant's first and second issues for review and appellee's first and second assignments of error on cross-appeal relate to spousal support and will therefore be discussed together. They state as follows:

"Whether the lower Court errored [*sic*] in awarding spousal support to the Appellee in light of the Court's specific finding that the Appellee had been living in a state of cohabitation with another male during the course of her marriage.

"Whether the lower court abused its discretion in awarding spousal support to the Appellee in light of the Court's specific finding that the Appellee had been living in a state of cohabitation with another male during the course of her marriage.

"The trial court abused its discretion in limiting the duration of spousal support to 18 months.

"The trial court's finding that Cross–Appellant cohabitated with another man during the course of the parties' marriage was against the manifest weight of the evidence."

The abuse-of-discretion standard is applicable to appellate review of matters concerning spousal support. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. The term "abuse of discretion" connotes

more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable or unconscionable. *Id.*

R.C. 3105.18(C) provides a trial court with guidelines for determining whether spousal support is necessary, as well as the nature, amount and duration of spousal support payments. Furthermore, it is well established in Ohio that the question of cohabitation is to be determined by the trier of fact. *Fuller v. Fuller* (1983), 10 Ohio App.3d 253, 10 OBR 366, 461 N.E.2d 1348. If the judgment of the trial court is supported by some competent, credible evidence going to all the essential elements of the case, it will not be reversed by an appellate court as being against the manifest weight of the evidence. *Bussey v. Bussey* (1988), 55 Ohio App.3d 117, 563 N.E.2d 37.

In the case at bar, the trial court heard approximately seven to eight hours of testimony and reviewed supporting documentation prior to rendering its decision. The trial court also had the best opportunity to observe the demeanor and assess the credibility of each witness. Both parties agree that the issue of whether a trial court has properly awarded spousal support when the recipient of support is specifically found to have been cohabiting with another during the marriage is one of first impression in Ohio.

Appellant maintains that if a trial court can reserve jurisdiction to terminate a spousal support award after the decree of divorce, upon a showing of cohabitation by the spouse receiving support, then it has the ability and the discretion to deny the award from the outset, based upon cohabitation. Appellant submits that the trial court erred in its application of the law, particularly in failing to apply case law dealing with postdecree cohabitation. Appellant further claims that the trial court failed in awarding support to consider factors relative to appellee's cohabitation with Barton and her support of him, as he had no employment. Appellant cites several cases from other states in support of his arguments; however, those rulings do not parallel the current status of the law in Ohio.

Appellant does cite *Bussey, supra,* wherein the court found postdecree cohabitation and terminated the spousal support order, and argues that the decision should likewise be held to apply to predecree cohabitation. The court in *Bussey,* 55 Ohio App.3d at 119, 563 N.E.2d at 39–40, quoting *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 420–421, 75 O.O.2d 474, 486, 350 N.E.2d 413, 427, stated:

" 'If it is shown that the wife is being supported in whole or in part by the paramour, the former husband may come into court for a determination of whether the alimony should be terminated or reduced. Similarly, if the paramour resides in the wife's home without contributing anything toward the purchase of food or the payment of normal household bills, then there may be a

reasonable inference that the wife's alimony is being used, at least in part, for the benefit of the paramour.'"

Appellant argues that since Barton had no employment and yet was paying for an apartment, a vehicle, utilities, groceries, child support and the like, it was reasonable to infer that as appellee was spending six days a week at Barton's apartment, she was contributing to his financial support, presumably through the money which she received as spousal support from appellant and the money which she had withdrawn from joint marital accounts. Appellant believes that to condone appellee's actions would provide a disincentive for her to marry Barton, especially in light of the fact that she could continue to use the spousal support granted to her in this matter to support Barton.

Appellant states that in light of appellee's cohabitation with Barton and in light of the significant assets which she received and will receive by way of equitable distribution, a denial of spousal support would not have constituted a manifest injustice. Therefore, appellant concludes that the trial court erred and abused its discretion in awarding appellee spousal support when it specifically found that she had cohabited with another man during the marriage.

The marriage lasted for over twenty-six years and thereby constituted a marriage of long duration. *Vanke v. Vanke* (1994), 93 Ohio App.3d 373, 638 N.E.2d 630. During the marriage, appellee worked in the capacity of a homemaker and had little opportunity to develop meaningful employment outside of the home.

Appellee cites *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, wherein the Ohio Supreme Court stated at paragraph one of its syllabus:

"Except in cases involving a marriage of long duration * * * or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain * * *."

Appellee maintains that although she did not request permanent spousal support in this case, she met the requirements for it as set forth in *Kunkle*, since the marriage was one of long duration and she was a homemaker spouse. Therefore, appellee complains that the trial court erred and abused its discretion in limiting the duration of spousal support to eighteen months. Appellee believes that the trial court did not properly consider all factors set forth in R.C. 3105.18(C) and limited the duration of spousal support based solely upon the finding that she was cohabiting with another male during the marriage. Appellee further complains that the evidence presented at trial was insufficient for the trial court to find that she had cohabitated with another male.

■ The trial court specifically stated in its judgment journal entry that it had applied the factors enumerated in R.C. 3105.18 and specifically found that appellee had been cohabiting with another man during the marriage. Whether or not a particular living arrangement rises to the level of lifestyle known as cohabitation is a factual question to be initially determined by the trial court. *Dickerson v. Dickerson* (1993), 87 Ohio App.3d 848, 851, 623 N.E.2d 237, 239.

■ When considering the evidence with regards to cohabitation, a trial court should look to three principal factors: (1) an actual living together (2) of sustained duration (3) with shared expenses with respect to financing and day-to-day incidental expenses. *Moell v. Moell* (1994), 98 Ohio App.3d 748, 649 N.E.2d 880. In addition to these factors, a trial court may also consider other relevant criteria including both the behavior and the intent of the parties. *Id.*

■ We find that the trial court properly considered all evidence and testimony before it in granting appellee spousal support. Although the trial court did find that appellee had cohabited with another male during the marriage, it also found that appellee had a need for spousal support. There was no testimony presented at trial to indicate that appellee and Barton shared living expenses. Therefore, we find that the award of spousal support was not barred by the fact that appellee had cohabitated with another male. The trial court properly applied all factors set forth in R.C. 3105.18 and did not err or abuse its discretion in awarding appellee spousal support of $675 per month for eighteen months.

Appellant's first and second issues presented for review on appeal are found to be without merit. Appellee's first and second assignments of error on cross-appeal are found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., and GENE DONOFRIO, J., concur.