This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Richard Schrader, Jr., appeals from the decision of the Medina County Court of Common Pleas, Domestic Relations Division. We affirm in part and reverse in part.
 I.
Richard married Mary Joan Schrader, appellee, on December 21, 1974. Ultimately, the marriage was terminated by divorce in December 1996. Richard received custody of their only child, Lisa, and Mary Joan was ordered to pay child support to him. The divorce decree also mandated that Richard pay Mary Joan spousal support for sixty-six months or until Mary Joan's death, remarriage, or cohabitation. Richard appealed, and we affirmed the trial court. Schrader v. Schrader (Jan. 21, 1998), Medina App. No. 2664-M, unreported.
Mary Joan has an ongoing relationship with Mike Voshall. They had a romantic relationship in 1996 but have not shared the same bedroom in approximately two years. They have, however, dated occasionally since 1996. They currently reside in the same home, sharing the cost of utilities and rent. Each pays his or her separate expenses, such as insurance and automobile maintenance. Mike does attend some of Lisa's activities. He also purchases gifts for Lisa.
On March 6, 1998, Richard moved the trial court to modify Mary Joan's child support obligation. After being unemployed at the time of the divorce, Mary Joan had returned to work in March of 1997. Richard had not filed the motion sooner because Mary Joan had failed to notify the Medina County Child Support Enforcement Agency of her employment, as she had been ordered to do by the trial court. Richard also moved, on May 14, 1998, to modify his spousal support obligation under the divorce decree. His motion for modification was based on Mary Joan's alleged cohabitation with Mike. The motions were consolidated and heard by the trial court on June 19, 1998.
The trial court ruled that Mary Joan's child support payments to Richard would be increased, retroactive to the date his motion for an increase of child support was filed. Mary Joan was not found to be cohabitating with Mike. Hence, the trial court did not terminate spousal support payments. On the contrary, the trial court found that, due to the increase in Richard's income since the initial support decree, Mary Joan was entitled to increased spousal support. This appeal followed.
 II.
Richard asserts three assignments of error. We consider each in due course.
 A.
First Assignment of Error
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN INCREASING THE APPELLANT'S SPOUSAL SUPPORT OBLIGATION.
Richard raises two issues in this regard. First, Richard argues that Mary Joan's motion was improper, as it did not state her claim with particularity and failed to give him adequate notice. Second, Richard argues that the trial court abused its discretion by increasing the amount of spousal support paid to Mary Joan. We will discuss each in turn.
A motion filed pursuant to Civ.R. 75(I) invokes the continuing jurisdiction of the domestic relations court. Richard filed two such motions: one seeking an increase in child support payments, due to Mary Joan's increased income, and the other seeking a termination of spousal support payments, due to Mary Joan's alleged cohabitation. A trial court has jurisdiction over matters related to a motion. Bellamy v. Bellamy (1996), 110 Ohio App.3d 576,580; Hansen v. Hansen (1985), 21 Ohio App.3d 216, 219. Furthermore, an opposing party must receive adequate notice of claims raised. Bellamy, 110 Ohio App.3d at 581. Moreover, Civ.R. 7(B)(1) allows oral motions at trial but requires them to be stated with particularity. Generally, the Rules of Civil Procedure that govern all cases also apply in domestic relations cases, as supplemented by the specific rules. McKinnon v. McKinnon (1983), 9 Ohio App.3d 220, 221.
At the hearing, before the trial court, Mary Joan first elicited testimony which related to increasing her spousal support by showing need and Richard's increased income and then specifically requested that the trial judge make a determination as to increasing her support amount. We find that the motion was properly before the trial court. We conclude that this matter was sufficiently related to Richard's motion to grant the trial court jurisdiction and that Mary Joan's oral motion was sufficient to give Richard notice.
Richard's second argument is that the trial court abused its discretion by increasing his spousal support payment to Mary Joan.
Generally, the trial court in domestic relations cases is vested with broad discretionary powers. Donovan v. Donovan (1996), 110 Ohio App.3d 615, 621. When abuse of discretion is alleged, our inquiry on appeal is whether the trial court's attitude was unreasonable, arbitrary, or unconscionable. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. An abuse of discretion involves more than a mere error of law or judgment. Id. The reviewing court must presume that the findings of the lower court are correct. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 138.
The trial court may modify spousal support due to a change in circumstances. R.C. 3105.18(E). The trial court found that Richard's income had increased greatly. The trial court also took note of Mary Joan's financial difficulties. This change in circumstance, the trial court reasoned, justified granting the increase in spousal support. We find that this was within the trial court's discretion and was not unreasonable, arbitrary, or unconscionable.
As this case was before this court on another occasion, Richard further argues that the "law of the case" doctrine applies. The "law of the case" doctrine provides that the decision of a reviewing court remains the law of the case in all subsequent proceedings. Hawley v. Ritley (1988), 35 Ohio St.3d 157,160. However, the law of the case doctrine is limited to decisions by the trial court which involve "`substantially the same facts and issues as were involved in the prior appeal[.]'" Id., quoting Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. We find that the increase in income that occurred was not before this court in the prior appeal. Further, the trial court was vested with discretion by statute to change spousal support obligations due to a change in circumstance. Hence, the law of the case doctrine is not applicable here. Richard's first assignment of error is not well taken.
 B.
Second Assignment of Error
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO ORDER AN INCREASE IN THE APPELLEE'S CHILD SUPPORT PAYMENTS TO BE RETROACTIVELY APPLIED TO THE DATE WHEN THE APPELLEE FAILED TO PROPERLY REPORT THE CHANGE IN HER EMPLOYMENT STATUS.
 Richard argues that the trial court abused its discretion by failing to rule on whether child support should be retroactively increased to a point before Richard filed his motion. Richard asserts that the trial court erred in reasoning that this court's rulings prohibit such modification. We agree.
Absent special circumstances, a trial court should make child support modifications retroactive only to the date of the motion requesting modification. Stacey v. Stacey (Dec. 20, 1995), Medina App. No. 2427-M, unreported at 3; State ex rel. Draiss v. Draiss (1990), 70 Ohio App.3d 418, 421. It is within the trial court's discretion to determine when special circumstances are present and to determine the date of retroactive increase for non-delinquent payments. Sprankle v. Sprankle (Mar. 25, 1998), Medina App. No. 2678-M, unreported at 5-7. Moreover, "courts have recognized extreme circumstances in which equitable considerations permit retroactive modification prior to the date of the motion" in situations where fraud is involved. Osborne v. Osborne (1992),81 Ohio App.3d 666, 674.
The trial court erred in holding that it was limited by our decisions to granting Richard's motion retroactively only to the point at which he first filed his motion to increase Mary Joan's child support payments to him. The trial court stated that it would prefer to have Mary Joan's child support obligation made effective retroactive to March of 1997 when she returned to work and she should have contacted the Medina County Child Support Enforcement Agency as ordered. However, current decisions of the Ninth District do not permit retroactivity beyond the date of the filing of the motion. As previously noted, our decisions allow the trial court to make child support modifications retroactive to a point before the aggrieved party filed his or her motion, if special circumstances are present. Accordingly, we conclude that the trial court erred and abused its discretion by not determining whether the child support due Richard should be increased retroactively, due to special circumstances, to a date before he filed his motion. Richard's second assignment of error is sustained.
 C.
Third Assignment of Error
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO TERMINATE OR MODIFY THE APPELLANT'S SPOUSAL SUPPORT OBLIGATION ON THE BASIS THAT THE APPELLEE WAS COHABITATING WITH AN UNRELATED MALE.
As discussed above, our review is under the abuse of discretion standard. Cohabitation requires more than a man and a woman living in the same residence. Moell v. Moell (1994),98 Ohio App.3d 748, 752. The trial court's decision is to be based on a number of factors including monetary support and the other obligations assumed by the allegedly cohabiting party. Id. A sexual relationship is not conclusive proof of cohabitation. Bussey v. Bussey (1988), 55 Ohio App.3d 117, 118. Rather, monetary support of either the ex-spouse by the cohabiting party or of the cohabiting party by the ex-spouse is a key factor. Wolfe v. Wolfe (1976), 46 Ohio St.2d 399, 420-21, modified on other grounds by Cherry v. Cherry (1981), 66 Ohio St.2d 348, paragraph one of the syllabus.
Richard alleges that, because Mary Joan is living with Mike and they share some of the living expenses incurred, have an occasional romantic relationship, and because Mike attends some of Lisa's activities, Mike and Mary Joan are cohabitating. Mary Joan and Mike are not, however, supporting each other financially. We conclude that the trial court did not abuse its discretion in determining that Mike and Mary Joan were not cohabitating, as the trial court's determination was not unreasonable, unconscionable, or arbitrary. See, generally, Dial v. Dial (1993), 92 Ohio App.3d 513,516, citing Piscione v. Piscione (1992), 85 Ohio App.3d 273,274.
 III.
Richard's first and third assignments of error are overruled and his second assignment of error is sustained. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division is affirmed in part, reversed in part, and the cause is remanded for further proceedings not inconsistent with this decision.
Judgment affirmed in part, reversed in part, and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
 FOR THE COURT
BAIRD, P.J.
WHITMORE
CONCUR