OPINION
{¶ 1} On May 15, 1999, appellant, Melanie Ward, and appellee, Mark Ward, were married. One child was born as issue of the marriage, namely, Nicholas Ward born November 2, 1999. On May 23, 2003, appellee filed a complaint for divorce.
 {¶ 2} Hearings before a magistrate were held on March 15, June 16 and 18, and July 26, 2004. By decision filed November 17, 2004, the magistrate recommended that appellee be named the residential parent and legal custodian with companionship rights to appellant, and set child support in the amount of $250.00 per month to be paid by appellant to appellee.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR VOLUNTARILY RECUSAL."
 II {¶ 5} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT IT WAS IN THE CHILD'S BEST INTEREST FOR APPELLEE TO BE DESIGNATED HIS RESIDENTIAL PARENT AND LEGAL CUSTODIAN."
 III {¶ 6} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S JULY 26, 2005 MOTION TO ORDER PSYCHOLOGICAL EVALUATION AND ANY PRESCRIBED COUNSELING AND/OR FAMILY COUNSELING."
 IV {¶ 7} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY REFUSING TO CONSIDER AND FAILING TO AWARD APPELLEE HER REASONABLE ATTORNEY FEES AND OTHER EXPENSES INCURRED IN THIS MATTER."
 I {¶ 8} Appellant claims the trial court should have recused itself from ruling on the objections to the divorce decree because it had previously ruled on some temporary orders. We disagree.
 {¶ 9} R.C. 2701.03 governs affidavit of disqualification of judge of common pleas court for prejudice. Subsection (A) states the following:
 {¶ 10} "If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section."
 {¶ 11} No such affidavit of disqualification was filed sub judice. Appellant argues the trial court should have removed itself once the issue was raised.
 {¶ 12} It is important to note that the trial court (Judge Michael Howard) was the magistrate during the temporary hearings of June 10, and July 1, 2003. Objections were filed to the temporary orders and the then sitting trial court (Judge John Hoffman) overruled the objections on spousal support, but amended the order regarding contact with the maternal grandmother. See, Judgment Entry filed August 27, 2003.
 {¶ 13} Magistrate David Nist presided over the final hearings and made recommendations to the trial court. We do not find any evidence of undue prejudice from this fact pattern. An independent review by Judge Hoffman was conducted on the temporary orders and Judge Howard was not the magistrate during the final hearings.
 {¶ 14} Upon review, we find the trial court did not err in denying appellant's request for voluntary recusal.
 {¶ 15} Assignment of Error I is denied.
 II {¶ 16} Appellant claims the trial court erred in finding it was in the best interest of the child for appellee to be named the residential parent. We disagree.
 {¶ 17} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 18} R.C. 3105.21 governs custody and support of children and states the following:
 {¶ 19} "(A) Upon satisfactory proof of the causes in the complaint for divorce, annulment, or legal separation, the court of common pleas shall make an order for the disposition, care, and maintenance of the children of the marriage, as is in their best interests, and in accordance with section 3109.04 of the Revised Code.
 {¶ 20} "(B) Upon the failure of proof of the causes in the complaint, the court may make the order for the disposition, care, and maintenance of any dependent child of the marriage as is in the child's best interest, and in accordance with section3109.04 of the Revised Code."
 {¶ 21} R.C. 3109.04 governs court awarding parental rights and responsibilities. Subsection (B) states in making an allocation of the parental rights and responsibilities, the court shall take into account the best interest of the child. Subsection (F)(1) sets forth the following factors the trial court should consider in making its determination:
 {¶ 22} "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 23} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 24} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 25} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 26} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 27} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 28} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 29} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 30} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 31} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 32} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 33} Appellant argues the basis of the trial court's decision is not substantiated by the record. The magistrate found appellant would not permit visitation with appellee; appellant manipulated a tragic confrontation at the Cleveland Clinic that was detrimental to the child; and appellant's conduct led to the conclusion that she would not be the proper custodial parent. See, Findings of Fact Nos. 9 and 10.
 {¶ 34} Both the guardian ad litem, Robert Reese, and the independent psychologist, Robin Tener, Ph.D., recommended that appellee be designated the residential parent. From personal observations, Mr. Reese found the maternal grandmother was "over controlling." T. at 27, 48. This observation substantiated appellee's testimony of the overbearing relationship between appellant and her mother. T. at 306-308, 309-310, 311, 319-321, 396. Mr. Reese found appellee to be more credible than appellant. T. at 51-52, 65. He also rejected the idea of shared parenting because of the parties' inability to communicate and cooperate. T. at 56. Mr. Reese found appellant's flight from the marital residence and refusal to let appellee know where she and the child had gone was an indication of appellant not being a responsible caregiver. T. at 61. Appellant's allegations of abuse have not been substantiated. T. at 72-73.
 {¶ 35} Dr. Tener testified she personally observed appellant's conduct during a visitation wherein her conduct in transferring the child to appellant created an unnecessary tense moment for the child. T. at 226. She also was of the opinion that appellant would not facilitate appellee's ongoing relationship with the child; appellee on the other hand was willing to facilitate an ongoing relationship between mother and child. T. at 228-231, 233. Dr. Tener perceived that appellant made "many alienating comments" to the child about appellee, and appellant was preoccupied with the unsubstantiated allegations of abuse. T. at 231.
 {¶ 36} Appellant points to two incidents to support her argument that appellee should not be the residential parent. Without getting into detail, one incident occurred when appellee sought to exercise his rights of custody under an ex parte order (the Cleveland Clinic incident), and the second incident occurred when visitation was ending and appellant sought an extension.
 {¶ 37} Each incident was viewed by the parties differently, each seeing themselves in the best light. We find the trial court's determination of which interpretation was correct is a credibility call left to the discretion of the trier of fact.Bussey v. Bussey (1988), 55 Ohio App.3d 117. Unlike many other cases, the trial court had the opinions of Mr. Reese and Dr. Tener to reinforce its determination on credibility.
 {¶ 38} We find the trial court's determination of these issues to be supported by the evidence. It is these determinations that go to the heart of the best interest decision. Appellant argues that because the child is of "tender years," she should be the residential parent. She also argues that in the hierarchy of care giving, her mother came first, then she and lastly, appellee. It is the presumption of the law that appellant and appellee should be the caregivers of the child and the maternal grandmother's care giving is not at issue.
 {¶ 39} Although appellant denies that her mother is controlling and that she in fact had problems dealing with her mother's overbearing attitude, her actions belie the denials. Appellant readily moved to North Canton to escape.
 {¶ 40} Upon review, we find the trial court's decision is supported by competent, credible evidence.
 {¶ 41} Assignment of Error II is denied.
 III {¶ 42} Appellant claims the trial court erred in denying a psychological evaluation of the child. We disagree.
 {¶ 43} The granting of a psychological evaluation lies in the trial court's sound discretion. See e.g. Stone v. Stone (1983),9 Ohio App.3d 6; Heyob v. Newman (December 8, 1987), Highland App. No. 638. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 44} Appellant requested a psychological evaluation of the child on July 26, 2004, the fourth and last day of hearings. A psychological evaluation and testimony relative to it had already been presented. The entire matter had been heard over a period of four months. We find the denial by the trial court of any further delay was not an abuse of discretion. We can assign no fault to appellant's newly hired counsel who did not represent appellant until July.
 {¶ 45} Upon review, we find the trial court did not err in denying appellant's request for a psychological evaluation of the child.
 {¶ 46} Assignment of Error III is denied.
 IV {¶ 47} Appellant claims the trial court erred in not awarding her attorney's fees. We disagree.
 {¶ 48} An award of attorney's fees lies in the trial court's sound discretion. R.C. 3105.18(H) (effective until April 27, 2005); Blakemore.
 {¶ 49} Appellant incurred $14,000.00 in fees, but also had retained and fired five attorneys. T. at 12-26. In reviewing the record, we fail to find an abuse of discretion by the trial court in denying attorney's fees.
 {¶ 50} Upon review, we find the trial court did not err in denying appellant's request for attorney's fees.
 {¶ 51} Assignment of Error IV is denied.
 {¶ 52} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is affirmed.