FULLER, APPELLEE, *v.*
FULLER, APPELLANT.

(No. 83AP-59—Decided September
15, 1983.)

*Smith & Minnillo Co., L.P.A.,* and
*Mr. Christopher J. Minnillo,* for appellee.
*Mr. Raymond F. Grove,* for appellant.

NORRIS, J. Appellant, Robert D. Fuller, appeals from an order finding him to be in arrears in the payment of alimony to his former wife, Dottie L. Fuller, the appellee.

Prior to the dissolution of their marriage, the parties had entered into a separation agreement which obligated appellant to pay sustenance alimony to appellee "until such time as the wife remarries, cohabitates [*sic*] with another male, not a child or relative, or becomes deceased." That agreement was incorporated by the trial court into its decree dissolving the marriage of the parties on December 3, 1980.

Subsequently, appellee filed a motion seeking to have alimony arrearages reduced to judgment. Appellant contended that he was warranted in having discontinued payments due to appellee's cohabitation with Mark Dickson.

During the course of an extensive hearing before a referee, appellant objected to the admission into evidence of appellee's Exhibit 2, a notebook which she said she had used to record appellant's payment of alimony. The other evidence consisted of the testimony of the parties, of Dickson and of neighbors of appellee, and centered around a one-month period during most of which appellee and Dickson admitted that Dickson had stayed overnight at appellee's apartment. Both steadfastly denied sexual relations and said that they slept in separate beds. Appellee was forty-one years of age, and Dickson twenty. The neighbors testified as to Dickson's presence at the apartment, and some said the relationship of appellee and Dickson was that of boyfriend and girlfriend, and that they had been seen kissing in public. Appellee called a rebuttal witness for the purpose of impeaching the credibility of some of the neighbors' testimony.

Appellant raises three assignments of error:

"* * *

"II. The trial court's finding of no cohabitation after the second hearing is against the manifest weight of the evidence.

"* * *"

By his second assignment of error, appellant contends that the trial court's finding that there was no cohabitation was against the manifest weight of the evidence.

We have defined the ordinary meaning of cohabitation as the acts of a man and woman living together, noting that

isolated acts of sexual intercourse, unaccompanied by other aspects of living together, would not constitute cohabitation, but that, on the other hand, cohabitation can be based entirely upon acts of living together without sexual relations. Cohabitation requires some regularity of functioning as would a husband and wife, either sexually or otherwise. *Sindel* v. *Sindel* (1975), 7 O.O.3d 223, 226; *Lester* v. *Lester* (May 14, 1981), Franklin App. No. 81AP-84, unreported. Cohabitation, then, usually will be manifested by a man and woman living together in the same household and behaving as would a husband and wife, although there need not be an actual assertion of marriage.

In his report, the referee noted our opinion in *Lester, supra,* and found that:

"* * * [W]hile Mr. Dickson has stayed overnight in the [appellee's] apartment * * * the evidence is contrary to cohabitation.

"The Referee finds that Mr. Dickson had another girlfriend * * * (at least for some of the period in question), that he came and went from the [appellee's] apartment, that he lived with his mother for part of the period, was in the hospital for part of the disputed times and that he was in basic training for part of the disputed period."

Cohabitation is a question of fact for the trier of the facts, and, if the trial court's decision is supported by some competent, credible evidence going to all the essential elements of the issue, it will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St.2d 279 [8 O.O.3d 261]. Stated another way, a reviewing court will not reverse on the manifest weight of the evidence, where reasonable minds could weigh the evidence and arrive at contrary conclusions. *In re Parker* v. *Anheuser-Busch* (Jan. 28, 1983), Franklin App. No. 81AP-718, unreported.

Although there was testimony from which the trial court could have concluded that appellee was cohabiting with Dickson, the weight to be given to testimony and the credibility to be assigned to witnesses is primarily for the trier of the facts. *State* v. *DeHass* (1967), 10 Ohio St.2d 230 [39 O.O.2d 366]. Our examination of the record convinces us that the trial court's finding was supported by competent, credible evidence. The second assignment of error is overruled. * * *

The assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.