The STATE of Ohio, Appellant,

v.

HADINGER, Appellee.

[Cite as *State v. Hadinger* (1991), 61 Ohio App.3d 820.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1256.

Decided March 21, 1991.

*Ronald J. O'Brien,* City Attorney, *James J. Fais,* City Prosecutor, and *Thomas K. Lindsey,* for appellant.

*Robert S. Hendrix,* for appellee.

*Jerry L. Bunge,* urging reversal for *amicus curiae,* American Civil Liberties Union.

*Carol Ann Fey,* urging reversal for *amici curiae,* LAMBDA Legal Defense and Education Fund, Inc., and Ohio Human Rights Bar Association.

STRAUSBAUGH, Judge.

This is an appeal by plaintiff, state of Ohio, from a judgment of the Franklin County Municipal Court dismissing the charge of domestic violence against defendant on the basis that under Ohio law two women cannot be married and therefore could not be living in a spousal relationship. The record indicates that on August 6, 1990, defendant, Carol Hadinger, was charged with domestic violence in violation of R.C. 2919.25. The complaint provides in pertinent part:

"Complainant being duly sworn states that Carol Hadinger at Franklin County Ohio, on or about the 6th day of August 1990 did knowing. [*sic*] cause physical harm to a household member, to wit, Ellensara Evans, person living as spouse, by means of biting said other person on the right hand * * *."

On October 1, 1990, the trial court on a half-sheet entry stated that the charge was being dismissed at the request of the prosecutor. A judgment entry was subsequently filed on November 1, 1990, correcting its previous entry of October 1, 1990, by *nunc pro tunc,* dismissing *sua sponte* the domestic violence charge against defendant from which plaintiff now appeals.

On appeal, plaintiff has set forth two assignments of error for this court's review:

"1. The trial court erred in dismissing the charge of domestic violence since the trial court improperly considered the legal sufficiency of the evidence in dismissing the charge.

"2. The trial court erred in dismissing the charge of domestic violence since the definition of 'person living as a spouse' in R.C. 2919.25(E)(2) includes persons of the same sex who are cohabiting or have cohabited within the past year."

Initially, we note that defendant in her appellate brief agrees with plaintiff that both assignments of error should be sustained and the trial court's judgment reversed. *Amicus curiae* briefs have been filed on behalf of the American Civil Liberties Union, LAMBDA Legal Defense and Education Fund, Inc., and the Ohio Human Rights Bar Association, all of which are in support of plaintiff's appeal.

In its first assignment of error, plaintiff has argued that the trial court improperly considered the legal sufficiency of the evidence in dismissing the charge. However, it appears from the trial court's entry that dismissal was

not due to the sufficiency of evidence but rather upon the trial court's statutory construction of R.C. 2919.25 and its conclusion that the domestic violence statute could not be applied in the present case. See Crim.R. 48. As the dismissal was not based upon the sufficiency of the evidence, we find plaintiff's first assignment of error to be not well-taken and it is therefore overruled.

In its second assignment of error, plaintiff argues that the trial court construed R.C. 2919.25 too narrowly so as to preclude its application to the facts in the present case. R.C. 2919.25 provides in pertinent part:

"(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

" * * *

"(D) As used in this section and section 2919.26 of the Revised Code:

"(1) 'Family or household member' means any of the following, who is residing or has resided with the offender:

"(a) A spouse, a person living as a spouse, or a former spouse of the offender;

" * * *

"(2) 'Person living as a spouse' means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within one year prior to the date of the alleged commission of the act in question."

R.C. 2919.25 specifically includes in its definition of a "person living as a spouse" a person who is otherwise cohabiting with the offender. No cases have been cited nor have we discovered any case law which defines the term "cohabit" as used in R.C. 2919.25(E)(2). However, for reference purposes we note that "cohabitation" has been defined in various other domestic relations cases. While these cases are limited by law and by their facts to persons of opposite sex, they do provide an appropriate starting point for our decision in the present case. In *Sindel v. Sindel* (1975), 7 O.O.3d 223, this court held:

" * * * The ordinary meaning of cohabitation is, of course, the act of living together. What constitutes living together is a question of fact in each particular case. * * * Ordinarily, isolated acts of sexual intercourse during the two-year period, unaccompanied by other aspects of living together, would not constitute cohabitation. Conversely, cohabitation can be based entirely on acts of living together without sexual relations. * * * " *Id.* at 226.

In *Lester v. Lester* (May 14, 1981), Franklin App. No. 81AP–84, unreported, 1981 WL 3186, this court quoted from the *Sindel* decision and reiterated that "cohabitation means the act of living together." *Id.* at 3.

While involving the termination of sustenance alimony, this court held in paragraph two of its syllabus in *Fuller v. Fuller* (1983), 10 Ohio App.3d 253, 10 OBR 366, 461 N.E.2d 1348:

"Cohabitation *usually* will be manifested by a man and woman living together in the same household and behaving as would a husband and wife, although there need not be an actual assertion of marriage." (Emphasis added.)

In *Taylor v. Taylor* (1983), 11 Ohio App.3d 279, 280–281, 11 OBR 459, 461, 465 N.E.2d 476, 478, the court held:

" * * * Sexual intercourse, in short, is not the *sine qua non* of the 'cohabitation' intended * * *. It may be a persuasive indicium of cohabitation, but it is not everything.

" * * * [W]e conclude that the cause should be remanded to the trial court for a determination of the issue of cohabitation absent reliance on the *conclusive* nature of a sexual relationship between the parties."

The one factor common among each of the foregoing cases was that the parties were living together. This is also common to the definition of "cohabit" set forth by Random House Dictionary: "to live together as husband and wife, usually without legal or religious sanction * * * to live together in an intimate relationship. * * * " The Random House Dictionary of the English Language (2 Ed.1987) 400.

Again, none of the cases cited involved two persons of the same sex and we are therefore in the present case faced with a unique factual situation. While the trial court apparently imposed the requirement that persons to be charged pursuant to R.C. 2919.25 have the ability to marry, such does not appear to be the case given the broad language of the statute. Given the language of R.C. 2919.25, this court concludes that the legislature intended that the domestic violence statute provide protection to persons who are cohabiting regardless of their sex. We believe that to read the domestic violence statute otherwise would eviscerate the efforts of the legislature to safeguard, regardless of gender, the rights of victims of domestic violence. We decline to adopt such a restrictive position and therefore conclude that R.C. 2919.25(E)(2) defining a "person living as a spouse" as a person "who otherwise is cohabiting with the offender" does not in and of itself exclude two persons of the same sex. Accordingly, plaintiff's second assignment of error is well-taken and is sustained.

Based upon the foregoing, plaintiff's first assignment of error is not well-taken and is overruled.  Plaintiff's second assignment of error is well-taken and is sustained.  The judgment of the trial court is hereby reversed and this cause is remanded for further proceedings consistent with the law and this opinion.

*Judgment reversed*
*and cause remanded.*

PETREE and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.