**WALLENHURST, n.k.a. Cunningham, Appellee,**

v.

**WALLENHURST, Appellant.**

[Cite as *Wallenhurst v. Wallenhurst* (1996), 116 Ohio App.3d 823.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 94-C-77.

Decided Dec. 9, 1996.

824

*John M. Dohner*, for appellee.

*Mark A. Yajko*, for appellant.

JOSEPH E. O'NEILL, Presiding Judge.

The parties to this appeal were married on August 26, 1961. On July 30, 1993, the marriage was dissolved. As a part of that final judgment, there was incorporated into and made a part of the decree an executed separation agreement. Article III of that separation agreement is pertinent to this appeal and reads as follows:

"The parties further agree that the Husband shall pay to the Wife, as and for spousal support, the sum of One Thousand Six Hundred ($1,600.00) Dollars per month for a period not to exceed forty-eight (48) consecutive months from the payment of the first monthly installment hereunder and the sum of One Thousand Three Hundred ($1,300.00) Dollars per month for a period not to exceed thirty-six (36) consecutive months thereafter. Said spousal support shall earlier terminate upon the death of either party, the remarriage of the Wife, or the cohabitation of the Wife with an unrelated adult male. Further, if not earlier terminated as set forth above, the amount of spousal support to be paid hereunder shall be subject to the continuing jurisdiction of the Court to modify said amount based upon a substantial change in the circumstances of either or both parties."

In February and March 1994, the appellant materially reduced the spousal support payments. Then, on April 11, 1994, the appellant filed a motion to modify the trial court's order of July 30, 1993 contending that the spousal support should be terminated due to appellee's cohabitation with Leonard Cunningham and, alternatively, asked the court to reduce the spousal support obligation due to a reduction in his income.

On May 19, 1994, the appellee filed a motion to show cause for contempt citation. In this motion, the appellee requested that appellant appear and show cause why he should not be held in contempt for failing to pay spousal support during the months of February, March, April and May 1994. Both motions came on for hearing before a referee of the court on July 19, 1994.

Following an evidentiary hearing, the referee signed and filed with the trial judge her report of the hearing and her recommendation. This report read as follows:

"Matter came before the Referee on motion to terminate or in the alternative modify spousal support. Payor argues that payee cohabited prior to her remarriage thus terminating spousal support, or in the alternative, that there is a change of circumstances justifying modification, to wit: a 25% reduction in his income. There was testimony that prior to the remarriage she went on vacations with her beau, but that he did not live with her or help with household expenses.

"The Referee finds that based upon the totality of the testimony there was no cohabitation prior to remarriage and spousal support should not terminate until that date.

"However the Referee finds that Dr. Wallenhurst did suffer a substantial change of circumstances by way of a 25% reduction in his monthly revenue and therefore recommends a 25% reduction in spousal support."

Both parties filed objections to the report with the trial judge.

In an opinion and judgment entry disposing of the objections, the trial judge noted that both parties agreed that the report of the referee was inadequate. In other words, there was not a complete transcription of all of the proceedings before the referee. The trial judge did note that there had been no attempt to complete the transcript in accordance with Civ.R. 53.

The trial judge went on to conclude that the appellant had established that there had been a reduction in his income but that this reduction had been brought on by the appellant's own acts. As a part of his conclusion, the trial judge stated:

"After a thorough review of the Transcript, this Court can only determine that the Defendant recklessly and on his own lowered his income, which is no basis whatsoever for reduction in spousal support * * *."

The trial judge further found that the defendant-appellant, in arbitrarily reducing his payments of spousal support, was in contempt of the court and, accordingly, granted the plaintiff-appellee, as attorney fees, the sum of $1,200.

The judge went on to specifically find that the facts did not warrant a conclusion that there had been any cohabitation between the plaintiff-appellee and her present husband before their marriage. A timely notice of appeal was filed directed to the foregoing final judgment.

The first assignment of error contends that the trial court's judgment refusing to terminate spousal support was against the manifest weight of the evidence, an abuse of discretion, and prejudicial error when the evidence demonstrated appellee and her present husband cohabited prior to their marriage.

We have reviewed the transcript setting forth the cross-examination and direct examination of the appellee. It can be concluded from this review that during the period previous to the appellee's marriage to Mr. Cunningham, although she and Cunningham spent many times together and took vacations together, at no time was the appellee supported in whole or in part by Cunningham.

"1. Where the term 'cohabitation' is used in a divorce decree in the sense of an event which will alter obligations created in the decree, a court must look to whether the parties have assumed obligations, including support, equivalent to those arising from a ceremonial marriage.

"2. The existence of a sexual relationship between unmarried parties living together is not conclusive on the issue of cohabitation giving rise to an event which will alter obligations created in a divorce decree." *Bussey v. Bussey* (1988), 55 Ohio App.3d 117, 117, 563 N.E.2d 37, 38, syllabus.

There was absolutely no evidence that the appellee and Cunningham had assumed obligations including support equivalent to those arising from a ceremonial marriage. In *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 420–421, 75 O.O.2d 474, 486, 350 N.E.2d 413, 427, the Supreme Court stated:

" 'If it is shown that the wife is being supported in whole or in part by the paramour, the former husband may come into court for a determination of whether the alimony should be terminated or reduced. Similarly, if the paramour resides in the wife's home without contributing anything toward the purchase of food or the payment of normal household bills, then there may be a reasonable inference that the wife's alimony is being used, at least in part, for the

benefit of the paramour, in which case it could be argued with force that the amount thereof should be modified accordingly. In short, the inquiry is whether the former wife's illicit relationship with another man * * * has produced a change of circumstances sufficient to entitle the former husband to relief.' " Quoting *Garlinger v. Garlinger* (1975), 137 N.J.Super. 56, 64, 347 A.2d 799, 803.

■ The question of cohabitation is to be determined by the trier of facts. *Fuller v. Fuller* (1983), 10 Ohio App.3d 253, 10 OBR 366, 461 N.E.2d 1348. If the judgment of the trial court in determining the issue of cohabitation is supported by some competent, credible evidence going to all the essential elements of the case, that judgment will not be reversed by an appellate court as being against the manifest weight of the evidence. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276. The finding of the trial judge that there had not been proof of cohabitation so as to justify a reduction in spousal support was certainly supported by competent credible evidence.

Under this assignment of error, the appellant also argues that the trial court should have referred the case back to the referee because part of the record was missing and the referee would provide the best substitute for the missing testimony.

Civ.R. 53(E)(3)(b) provides:

"Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."

It was incumbent upon the appellant, when this matter was before the trial judge as the result of objections, to somehow complete, by way of affidavit, the evidence which had been presented before the referee.

The first assignment of error is found to be without merit.

The second assignment of error contends that the trial judge abused his discretion and prejudicially erred in denying appellant's request for a modification of spousal support payments when the evidence showed that the appellant suffered an involuntary twenty-five percent reduction in his income due to a substantial change in circumstances and a downturn in the economy.

■ At the outset, we must state that we have reviewed the evidence, and to describe the reduction in income as being involuntary is incorrect. During direct examination, the following dialogue took place:

"Q   If we could equate month to month, as of January of 1994, you said it was 2,000 a month, what would it have been per month prior to January of '94?

"A   Almost four to five thousand.

"Q   Okay.   What was the reason that this income was adjusted?

"A   At that point, we were opening up a practice in—the Calcutta Corporation was putting a practice in Florida, and when we first saw some expense—start up expenses, and the best way to cut it was my salary.

"Q   And how did you arrive at the $2,000 figure, sir?

"A   Well, if you add 2,000 a month which is 24,000, plus the lease I get, which is 1,200 a month, from which seven or eight hundred of it is already obligated, and the rest of it went for taxes.   Then, you come up with a monthly income of about two thousand—three thousand—$3,200."

█   Certainly, this was not an involuntary reduction.   The appellant reduced his income so that he could enhance his professional practice.   The appellant was contemplating a move to Florida at the time that the separation agreement was executed.   Voluntary reduction in income, though it might amount to a substantial change in circumstances, is not justification for a reduction in spousal support payments arising out of a separation agreement and final judgment of a trial court.

The second assignment of error is found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GENE DONOFRIO and COX, JJ., concur.