OPINION
The plaintiff, Robert D. Penewit, and the defendant, Nancy L. Penewit, were married on July 11, 1964 and divorced on September 24, 1999.
However, this appeal is directed solely to an order of the Division of Domestic Relations of the Court of Common Pleas of Greene County which overruled the plaintiff's motion for modification of spousal support and found him in contempt for failing to pay the financial obligations set forth in the final decree of divorce.
In the appeal, the appellant has set forth his only assignment of error as follows:
 THE TRIAL COURT'S FINDING THAT PLAINTIFF'S RETIREMENT WAS VOLUNTARY AND DID NOT CONSTITUTE A CHANGE OF CIRCUMSTANCES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO LAW.
 At the hearing of the divorce case by the magistrate on April 20, 1999, Mr. Penewit testified that he was going to retire from General Motors in July, 1999 (R. 61), and the parties agreed at the hearing on April 20, 1999, during the division of their marital property, that each was entitled to one-half of the retirement benefits from General Motors (R. 44). Hence, we have some difficulty, at the outset, with the appellant's argument that some unanticipated change in conditions or circumstances arose that would preclude the allowance of spousal support in the final decree entered on September 24, 1999.
However, with specific reference to the allowance of spousal support, the evidence discloses that both Robert and Nancy Penewit were about fifty-five years of age and had been married for about thirty-five years. Mr. Penewit earned an annual salary of approximately $68,000.00 with an additional annual income of about $5,500.00 from a farm operation. He is apparently in good health, and has no physical disabilities which would prevent him from seeking full-time employment. Before his retirement in July, 1999, the appellant worked for his employer for thirty-four years, and he testified that he had no plans to work for anyone else in the future. He has medical insurance at no cost by virtue of his employment and retirement, and he has no substantial debts or other financial obligations.
The evidence discloses further that Mrs. Penewit was the mother of three children and has not been employed for any extended periods outside the home. As shown by her testimony, and found by the trier of the facts, she has only limited marketable skills, and her earning capacity for full time employment would be in the range of $11,000.00. Based upon the evidence, the magistrate granted Nancy Penewit spousal support in the amount of $1,250.00 per month with the amount being subject to the continuing jurisdiction of the Domestic Relations Court.
In sustaining the findings of the magistrate, the trial court relied solely upon the following explanation and thus brought into focus the thrust of the appellant's alleged assignment of error:
 "The plaintiff states that his decision to retire was brought about by the Delphi transition because there was a possibility that he could lose his retirement benefits if he did not retire early. There is no question that early retirement was available to the plaintiff due to his age and his years of service. The question before the court is: was the plaintiff's decision to retire voluntary or involuntary. Voluntary reduction in income is not justification for a reduction in spousal support payments. Wallenhurst v. Wallenhurst (1996), 116 Ohio App.3d 823.
 The plaintiff did not present credible evidence that he was unable to work. He failed to present credible evidence that his retirement benefits were in peril and based his decision to retire on rumor and speculation. He still has marketable skills and the ability to obtain employment while drawing the General Motors retirement. The plaintiff's objection is overruled."
 With particular reference to the observations of the trial court, we are inclined to agree with Mr. Penewit that he was not required to place thirty-four years of service within the whimsical reach of some corporate devices and techniques, and to such extent, Penewit's decision to retire may have been involuntary. However, whether voluntary or involuntary, his plan to retire and thus reduce his income was not a change in circumstances but an established fact that was known by the parties, covered by the evidence presented at the divorce hearing, and embraced in the final decree. Thus, the record shows that the motion for modification of spousal support was not only premature, but it was also unattended by any evidence of a change of existing circumstances. See Carnahan v. Carnahan (1997), 118 Ohio App.3d 393. Furthermore, and as specifically observed by the trial court, Penewit still has marketable skills and the ability to obtain employment. And indeed, as a matter of necessity, the spousal support obligation must look for fulfillment to earning capacity rather than to personal preference. See, Wallenhurst v. Wallenhurst
(1996) 116 Ohio App.3d 823.
A trial court has broad discretion to determine the proper amount and duration of spousal support based on the facts and circumstances of each case, and the present record fails to disclose any semblance of an abuse of discretion as that term is defined in law. See, Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64. See also, Babka v. Babka (1992),83 Ohio App.3d 428. On the contrary, the decision of the trier of the facts reflects a conscious regard for the factors enumerated in R.C.3105.18(C)(1), and if time changes the picture, the trial court has specifically retained jurisdiction over the matter of spousal support.
Accordingly, the alleged error is overruled, and the judgment will be affirmed.
 _________ KERNS, J.
GRADY, J., concurs.
FAIN, J., concurs in judgment, only.