855 So.2d 690 (2003)
John Russell PETERMAN, Appellant,
v.
Nute Carl MEEKER, Jr., Appellee.
No. 2D03-548.
District Court of Appeal of Florida, Second District.
October 3, 2003.
Mark Hanks, St. Petersburg, for Appellant.
No appearance for Appellee Nute Carl Meeker, Jr.
FULMER, Judge.
John Russell Peterman, respondent below, appeals a final judgment for protection against domestic violence entered in favor of Nute Carl Meeker, Jr., under section 741.30, Florida Statutes (2002). We affirm.
Peterman and Meeker have been partners in a homosexual relationship for thirteen years and were living together in a house they jointly own. The evidence showed that there were violent episodes between these men in the recent past as their relationship was ending. Meeker sought an injunction, and Peterman's attorney filed a motion to dismiss, arguing that section 741.30 does not protect homosexuals against domestic violence. The trial court denied the motion to dismiss and granted the injunction, holding that the statute was intended to protect intimate partners.
Section 741.30(1)(a) provides for a domestic violence injunction to "[a]ny person described in paragraph (e), who is either the victim of domestic violence as defined in s. 741.28 or has reasonable cause to believe he or she is in imminent danger of becoming the victim of any act of domestic violence." Section 741.30(1)(e) provides that the injunction may be sought by family or household members, and section *691 741.28(3) defines family or household members as:
spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, and persons who are parents of a child in common regardless of whether they have been married. With the exception of persons who have a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit.
Peterman argues that same-sex couples do not qualify as persons residing together as if a family because same-sex couples cannot marry in the state of Florida. But section 741.30(1)(e) states: "No person shall be precluded from seeking injunctive relief pursuant to this chapter solely on the basis that such a person is not a spouse." Therefore, we conclude that the statute does not exclude those persons who otherwise meet the requirements for a domestic violence injunction but seek protection from a person of the same sex.
There is no reported case in Florida on this issue, but the several courts around the country that have addressed the issue have held that persons in a same-sex relationship qualified for domestic violence protection under various state statutes. See Glater v. Fabianich, 252 Ill.App.3d 372, 192 Ill.Dec. 136, 625 N.E.2d 96 (1993) (affirming domestic violence injunction in homosexual relationship based on statute defining family or household member in part as those who share or formerly shared common dwelling); Ireland v. Davis, 957 S.W.2d 310 (Ky.Ct.App.1997) (2-1 decision) (reinstating domestic violence proceedings in homosexual relationship based on statute defining members of unmarried couple as those who are living together or have formerly lived together); State v. Hadinger, 61 Ohio App.3d 820, 573 N.E.2d 1191 (1991) (holding that domestic violence statute applied to partners in same-sex relationship based on statute's definition of person living as spouse to include person who is otherwise cohabiting with offender; rejecting trial court's imposition of requirement that such persons must have the ability to marry before domestic violence statute applied).
Affirmed.
STRINGER and SILBERMAN, JJ., Concur.