JOURNAL ENTRY and OPINION
{¶ 1} The city of Cleveland (the "city") appeals the decision of the municipal court dismissing the charge of domestic violence against appellee, Randall Voies ("Voies.") In dismissing the charge, the municipal court found Ohio's domestic violence statute, R.C. 2919.25, to be unconstitutional in light of ArticleXV, Section 11 of the Ohio Constitution, commonly referred to as the "Marriage Amendment" or "Issue 1." For the reasons explained in this court's opinion in State v. Burk, Cuyahoga App. No. 86162, 2005-Ohio-6727, we hold that Ohio's domestic violence statute is constitutional and coexists in harmony with ArticleXV, Section 11 of the Ohio Constitution. Indeed, there is unanimous agreement among the fifth, seventh, ninth, and twelfth appellate districts, which have been asked to address this issue, that Article XV, Section 11 of the Ohio Constitution does not render R.C. 2919.25 unconstitutional. See, e.g., State v.Newell, Stark App. No. 2004CA00264, 2005-Ohio-2848, ¶ 43; Statev. Rexroad, Columbiana App. Nos. 05 CO 36, 05 CO 52,2005-Ohio-6790, ¶ 35; State v. Nixon, Summit App. No. 22667,2006-Ohio-72, ¶¶ 13-16; State v. Carswell, Warren App. No. CA2005-04-047, 2005-Ohio-6547, ¶¶ 20-21. Thus, the municipal court's decision granting Voies' motion to dismiss is reversed, Voies' original charge of domestic violence is reinstated, and the case is remanded to the municipal court for further proceedings.
Judgment reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., concurs.
 Kilbane, P.J., dissents with separate opinion.
 DISSENTING OPINION