JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the judgment of the trial court granting, in part, defendant-appellee Charles Douglas' motion to dismiss. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} On May 13, 2005, appellee was indicted by the Cuyahoga County Grand Jury on one count of domestic violence. The indictment alleged that appellee caused or attempted to cause physical harm to the alleged victim, "a family or household member." Appellee and the alleged victim of the offense were not married, but allegedly cohabited. Appellee filed a motion to dismiss, contending that R.C. 2919.25, the domestic violence statute, was unconstitutional. The trial court agreed and dismissed the domestic violence count, but amended the indictment to an assault charge. The State now appeals.
 {¶ 3} Appellee's motion to dismiss was based upon the November 2004 approval of the Ohio constitutional amendment known as Issue 1. In particular, Issue 1 amended the Ohio Constitution by defining marriage as follows:
 {¶ 4} "Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage." Section 11, Article XV, Ohio Constitution.
 {¶ 5} In a similar case where a defendant was indicted on a domestic violence charge against an alleged victim to whom he was not married, the same trial judge who presided over this case dismissed the charge as being unconstitutional in light of the passage of Issue 1. The state appealed and during the pendency of the within appeal this court ruled in that case, finding that "Ohio's domestic violence statute is neither incompatible with, nor unconstitutional in light of, Issue 1." State v. Burk,
Cuyahoga App. No. 86162, 2005-Ohio-6727, ¶ 4. The State raises the same three assignments of error in this case as it did inBurk.
 {¶ 6} Thus, for the reasons explained in this court's opinion in Burk, we hold that Ohio's domestic violence statute is constitutional and coexists in harmony with Section 11, ArticleXV, of the Ohio Constitution. This court has further noted, subsequent to Burk, that "there is unanimous agreement among the fifth, seventh, ninth, and twelfth appellate districts, which have been asked to address this issue, that Article XV, Section11 of the Ohio Constitution does not render R.C. 2919.25
unconstitutional. See, e.g., State v. Newell, Stark App. No. 2004CA00264, 2005-Ohio-2848, ¶ 43; State v. Rexroad, Columbiana App. Nos. 05 CO 36, 05 CO 52, 2005-Ohio-6790, ¶ 35; State v.Nixon, Summit App. No. 22667, 2006-Ohio-72, ¶¶ 13-16; State v.Carswell, Warren App. No. CA2005-04-047, 2005-Ohio-6547, ¶¶ 20-21." Cleveland v. Voies, Cuyahoga App. No. 86317,2006-Ohio-815, at ¶ 1.
 {¶ 7} We note, however, that recently the Second Appellate District, in State v. Ward, Greene App. No. 2005-CA-75,2006-Ohio-1407, reached the opposite conclusion of this district and the fifth, seventh, ninth, and twelfth appellate districts. Based upon the foregoing conflict, we, sua sponte, certify the following question for review by the Supreme Court of Ohio:
 {¶ 8} "Whether R.C. 2919.25, Ohio's domestic violence statute, is unconstitutional in light of the November 2004 amendment to Section 11, Article XV, of the Ohio Constitution."
 {¶ 9} Accordingly, the trial court's judgment granting appellee's motion to dismiss is reversed, and the conflict is certified.
This cause is reversed and remanded, consistent with the opinion herein, and the conflict is certified to the Supreme Court of Ohio.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to the court of common pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., concurs.
 Karpinski, J., Dissents (See Dissenting Opinion).
 DISSENTING OPINION