JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, James Williams ("Williams"), appeals his felony domestic violence conviction. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2005, Williams was charged with one count of domestic violence containing two furthermore clauses involving prior violent offenses. The indictment alleged that he caused or attempted to cause physical harm to the victim, "a family or household member." Williams and the victim were not married, but cohabited and had a child together. He pled no contest to the charges and was sentenced to one year in prison.
 {¶ 3} Williams appeals, raising two assignments of error.
 Constitutionality of Domestic Violence Statute {¶ 4} Williams argues in his first assignment of error that his conviction is invalid because R.C. 2919.25, Ohio's domestic violence statute, is unconstitutional due to the passage of Ohio Constitution Article XV, Section 11.
 {¶ 5} R.C. 2919.25(A) provides that no person shall knowingly cause or attempt to cause physical harm to a family or household member.
 {¶ 6} R.C. 2919.25(F)(1)(a) defines "family or household member" to include:
"(a) Any of the following who is residing or has resided with theoffender: (i) A spouse, a person living as a spouse, or a former spouse
of the offender;
 (ii) A parent or a child of the offender, or another person related by consanguinity or affinity to the offender;
 (iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender."
 {¶ 7} However, a person can also be considered a "family or household member" if he is "the natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent." R.C. 2919.25(F)(1)(b).
 {¶ 8} In the instant case, it is undisputed that Williams and the victim had a child together. Thus, pursuant to R.C. 2919.25(F)(1)(b), the victim qualified as a "family or household member." It is also undisputed that Williams caused or attempted to cause physical harm to the victim. Therefore, Williams was lawfully convicted of domestic violence pursuant to R.C. 2919.25(A).
 {¶ 9} We need not consider the constitutional issue raised by Williams on appeal. See, In re Miller (1992), 63 Ohio St.3d 99, 110,585 N.E.2d 396 (a court will not reach constitutional issues unless absolutely necessary); Hall China Co. v. Pub. Util. Comm. (1977),50 Ohio St.2d 206, 210, 364 N.E.2d 852.
 {¶ 10} A review of the case law demonstrates that the constitutional issue created by the passage of Ohio's Defense of Marriage Amendment focuses on the "living as a spouse" and cohabitation aspects of Ohio's domestic violence statute. See, State v. Burk, 164 Ohio App.3d 740,2005-Ohio-6727, 843 N.E.2d 1254, and State v. Douglas, Cuyahoga App. Nos. 86567-86568, 2006-Ohio-2343. Although Williams and the victim were unmarried and cohabited, we found that the victim also qualified as a "family or household member" because she and Williams had a child together. Consequently, it is not necessary to address the constitutional issue presented by Williams.
 {¶ 11} Therefore, Williams was lawfully convicted of domestic violence.
 {¶ 12} Accordingly, the first assignment of error is overruled.
 Ineffective Assistance of Counsel {¶ 13} In his second assignment of error, Williams argues that he was denied his constitutional right to the effective assistance of counsel because his counsel failed to move for a dismissal of the indictment based on the unconstitutionality of the domestic violence statute.
 {¶ 14} Because the victim qualified as a "family or household member" due to the fact that she and Williams had a child together, no constitutional issue existed. Therefore, his trial counsel was not ineffective for failing to raise this issue.
 {¶ 15} Accordingly, the second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.