[Cite as *State v. Taylor*, 2013-Ohio-4588.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 13CA7 |
| SAMMIE L. TAYLOR | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Richland County Court of
Common Pleas, Case No. 2012 CR 0583 H


JUDGMENT: Reversed and Remanded


DATE OF JUDGMENT ENTRY: October 11, 2013


APPEARANCES:


For Defendant-Appellant        For Plaintiff-Appellee


WILLIAM C. FITHIAN, III        JAMES J. MAYER, JR.
111 N. Main Street             PROSECUTING ATTORNEY
Mansfield, Ohio 44902          RICHLAND COUNTY, OHIO

                               By: JILL M. COCHRAN
                               Assistant Richland County Prosecutor
                               38 South Park Street
                               Mansfield, Ohio  44902

*Hoffman, P.J.*

{¶1} Defendant-appellant Sammie L. Taylor, Jr. appeals his conviction entered by the Richland County Court of Common Pleas on one count of domestic violence. Plaintiff-appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶2} Appellant and A.T. were married on March 29, 2008. On July 4, 2012, Appellant engaged in a physical and verbal altercation with A.T., during which he hit her with a belt. Appellant struck A.T. with the belt four or five times. A.T. did not report the incident to the police.

{¶3} On August 23, 2012, Appellant and A.T. again engaged in a verbal altercation, which resulted in Appellant physically assaulting A.T. with a belt. Upon arrival at work, A.T.'s supervisor drove her to the police station to report the incident. A.T. then reported the July 4, 2012 incident in addition. The police took photographs of A.T.'s injuries. Following the police report, A.T. moved to a domestic violence shelter with the couple's children. Appellant was charged with domestic violence.

{¶4} At trial, the state introduced evidence of Appellant's prior conviction for rape, in which the victim was alleged to have been Appellant's girlfriend. An employee of the Ohio Department of Convictions testified during Appellant's rape trial proceedings, he admitted in his interview for a sex offender risk assessment, he and the victim lived together during the summer prior to the rape.

{¶5} At trial, Appellant admitted to having struck A.T. with a belt during the altercation on July 4, 2012. He denied living with the victim of his prior conviction for

rape, but admitted to dating her on and off and engaging in a sexual relationship with her.

{¶6}   Following a jury trial on January 14, 2013, Appellant was convicted of felony domestic violence, and sentenced to eighteen months in prison to be served consecutive to a community control violation for failure to register.

{¶7}   Appellant now appeals, assigning as error:

{¶8}   "I. THE STATE DID NOT PRESENT SUFFICIENT EVIDENCE TO PROVE APPELLANT GUILTY OF FELONY DOMESTIC VIOLENCE.

{¶9}   "II. THE MASSIVE INTRODUCTION OF IRRELEVANT EVIDENCE THAT DID NOT COMPLY WITH EVIDENCE RULE 404(B) DEPRIVED APPELLANT OF A FAIR TRIAL."

I.

{¶10} In the first assignment of error, Appellant maintains there is insufficient evidence to support his conviction for felony domestic violence.

{¶11} Appellant was convicted of domestic violence, in violation of R.C. 2919.25, which reads,

{¶12} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

{¶13} "(B) No person shall recklessly cause serious physical harm to a family or household member.

{¶14} "(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member.

{¶15} "(D)(1) Whoever violates this section is guilty of domestic violence, and the court shall sentence the offender as provided in divisions (D)(2) to (6) of this section.

{¶16} "(2) Except as otherwise provided in divisions (D)(3) to (5) of this section, a violation of division (C) of this section is a misdemeanor of the fourth degree, and a violation of division (A) or (B) of this section is a misdemeanor of the first degree.

{¶17} "(3) Except as otherwise provided in division (D)(4) of this section, if the offender previously has pleaded guilty to or been convicted of domestic violence, a violation of an existing or former municipal ordinance or law of this or any other state or the United States that is substantially similar to domestic violence, a violation of section 2903.14, 2909.06, 2909.07, 2911.12, 2911.211, or 2919.22 of the Revised Code if the victim of the violation was a family or household member at the time of the violation, a violation of an existing or former municipal ordinance or law of this or any other state or the United States that is substantially similar to any of those sections if the victim of the violation was a family or household member at the time of the commission of the violation, or any offense of violence if the victim of the offense was a family or household member at the time of the commission of the offense, a violation of division (A) or (B) of this section is a felony of the fourth degree, and, if the offender knew that the victim of the violation was pregnant at the time of the violation, the court shall impose a mandatory prison term on the offender pursuant to division (D)(6) of this section, and a violation of division (C) of this section is a misdemeanor of the second degree.***"

{¶18} In *State v. Jenks* (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the

evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* at paragraph two of the syllabus.

{¶19} Appellant maintains the victim in his prior conviction for rape was not a family member, and was not alleged to have been a family member.  Therefore said conviction may not be used to enhance his conviction to a fourth degree felony on that basis.  We agree.

{¶20} We find the state did not present sufficient evidence to support Appellant's felony domestic violence conviction. Specifically, the state did not present sufficient evidence the victim in the prior rape offense was a family or household member at the time of the offense.  Rather, the testimony presented only indicates Appellant and the victim dated on and off, and lived together the summer prior to the rape.

{¶21} However, merely living together has been found insufficient to establish one as being a "household member." There must also be evidence of sharing of familial or financial responsibilities, in addition to the  provision of money and conjugal relations. State v. Cobb, 153 Ohio App.3d 541, 795 N.E.2d 73, 2003-Ohio-3821.

{¶22} In  *State v. Miller* (1995), 105 Ohio App.3d 679, 686-687, 664 N.E.2d 1309, the Fourth District set forth the following,

{¶23} "The court in *Sindel v. Sindel* (App.1975), 7 O.O.3d 223, 226, defined 'cohabitation' in regard to alimony conditions of a divorce:

{¶24} 'The ordinary meaning of cohabitation is, of course, the act of living together. What constitutes living together is a question of fact in each particular case. * * * Ordinarily, isolated acts of sexual intercourse * * * unaccompanied by other aspects of living together, would not constitute cohabitation. Conversely, cohabitation can be based entirely on acts of living together without sexual relations."

{¶25} "'In *Taylor v. Taylor* (1983), 11 Ohio App.3d 279, 11 OBR 459, 465 N.E.2d 476, the court interpreted the term 'cohabitation' in the context of a divorce decree whereupon the event of cohabitation would alter support obligations. The court in *Taylor* held that '[s]exual intercourse, in short, is not the *sine qua non* of the 'cohabitation' intended by the instant decree * * *. It may be a persuasive indicium of cohabitation, but it is not everything.' *Id.* at 280-281, 11 OBR at 461, 465 N.E.2d at 478.

{¶26} "In *Fuller v. Fuller* (1983), 10 Ohio App.3d 253, 10 OBR 366, 461 N.E.2d 1348, the court examined cohabitation in a case where a decree of dissolution provided that alimony would terminate upon cohabitation. The court followed the *Sindel* decision and stated that 'the ordinary meaning of cohabitation [is defined] as the acts of a man and a woman living together, noting that isolated acts of sexual intercourse, unaccompanied by other aspects of living together, would not constitute cohabitation, but that, on the other hand, cohabitation can be based entirely upon acts of living together without sexual relations. Cohabitation requires some regularity of functioning as would a husband and wife, either sexually or otherwise.' *Id.* at 253-254, 10 OBR at

367, 461 N.E.2d at 1349, citing *Sindel, supra;* see, also, *Lester v. Lester* (May 14, 1981), Franklin App. No. 81AP-84, unreported, 1981 WL 3186.

{¶27} "In *State v. VanHoose* (Sep. 27, 1993), Clark App. No. 3031, unreported, 1993 WL 386314, the court set forth the following definition of cohabitation in regard to the domestic violence statute, R.C. 2919.25:

{¶28} "In summary, various Ohio appellate courts have held that to cohabit refers to a man and a woman living together in the same household and behaving as would a husband and wife. The courts are in accord that there need not be an actual assertion of marriage, and that cohabitation can be based entirely on acts of living together without sexual relations."

{¶29} Here, there is no evidence Appellant and the victim of the prior rape offense shared household expenses or other familial responsibilities at the time of the rape offense.   Accordingly, Appellant's conviction for felony domestic violence is reversed, and the matter remanded to the trial court to reenter conviction and sentence for domestic violence as a misdemeanor of the first degree.

II.

{¶30} In the second assignment of error, Appellant maintains the trial court erred in allowing evidence at trial in violation of Ohio Rules of Evidence Rule 404(B); thereby, depriving Appellant of a fair trial.

{¶31} Evidence Rule 404(B) states,

{¶32} "(B) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof

of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

{¶33} Appellant argues the trial court erred in allowing the State to introduce evidence as to Appellant's prior criminal background, the divorce filings of A.T., subsequent dismissals thereof, civil protection orders issued on behalf of A.T., numerous photos depicting injuries sustained by A.T., and A.T.'s thoughts of suicide.

{¶34} Pursuant to Evidence Rule 404, the initial determination of admissibility is to be determined by the trial court. The admission or exclusion of evidence lies in the trial court's sound discretion. *State v. Sage,* 31 Ohio St.3d 173 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶35} Upon our review of the record, assuming arguendo the trial court erred in the admission of the evidence cited by Appellant, we find Appellant has not demonstrated prejudice as a result of the alleged error. Accordingly, we find the introduction of the other acts evidence to be harmless error.

{¶36} The second assignment of error is overruled.

{¶37} Appellant's conviction for felony domestic violence entered by the Richland County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.

By: Hoffman, P.J.

Farmer, J.  and

Baldwin, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
SAMMIE L. TAYLOR                       :
                                       :
    Defendant-Appellant            :          Case No. 13CA7


For the reason stated in our accompanying Opinion, Appellant's conviction for felony domestic violence entered by the Richland County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and our Opinion.  Costs to the state.


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. CRAIG R. BALDWIN